The first matter is the estate of Palumbo v. The United States. Mr. Prosperi. Thank you, Your Honor. May it please the Court, my name is Louis Prosperi and I represent the estate of Antonio J. Palumbo, PNC Bank executor. If I may, I'd like to reserve a rebuttal time of three minutes. Fine. The case involves a claim for attorney's fees and costs under Section... Can I suggest something, sir? There are two ways to recover fees and costs as I see it. One is if a qualified offer was made. The other would be under the Equal Access to Justice Act. But both of them have a hurdle that you have to get over, and that is the net worth has to be under $2 million. Would you agree with that? Your Honor, for certain parties to an action, I agree with that. Okay. And I don't think anybody would dispute that at the time of death the estate was worth more than $2 million, was it? Correct, Your Honor. So doesn't the ability to proceed under either of those theories really depend upon, in each case, getting over the hurdle of whether or not we look to the charity here and the value of the charity? Isn't that really the... I think that's absolutely right, Your Honor. Despite the fact that the district court didn't address that issue, I think that's a threshold issue, which is why we raised it first in our brief. I think that's clearly an issue. And as you know, probably from our briefing, we believe that under either the EJA or Section 7430, the charity is a party for purposes of those fee provisions given the particular facts of this case. Does the net worth go only to the estate or to the trust as well? In this situation, Your Honor, the net worth goes only to the estate, $2 million. In the case of a charity, a Section 501c3 organization with less than 500 employees, there is not a net worth test. Congress has deemed such a taxpayer to be per se deferred by fees. Now, you've got the plain language of the EJ, of the Equal Justice Act against you. I mean, it talks about parties. If we're to read this in a quite direct way, what we're dealing here is a non... We're dealing with a non-party here, are we not? Doesn't that decide the case here without any legislative history? Your Honor, I would respectfully submit to you it does not for this reason. If you look at the definition of party in 7430 as referenced by the EJA, the definition of party does not ever reference named party. The definition of party is an individual with less than $2 million of net worth, a charity with less than 500 employees, certain corporations with below net worth. It's very interesting if you read the statute, the definition of party itself in nowhere refers to a named party. Moreover, the language of 7430 is more liberal when it talks about the fees incurred that may be recovered, because it talks about fees incurred in connection with the proceeding. The EJA, and some cases like Morrison have noticed this, that the EJA is a little stricter. It talks about fees incurred by a prevailing party. We respectfully submit that 7430, you can get there. This court can get to that result based solely on the statutory language, because party, as it's defined by reference to the EJA judicial proceedings, does not reference named party. Lastly, and maybe most importantly, the legislative history in 1982 when this statute, section 7430, was first enacted, specifically says that Congress intended third parties to be able to recover costs. In fact, it's ironic, it gives an example under the House report of a charity that wades into a dispute between the IRS and a taxpayer claiming a charitable deduction, with the charity helping the taxpayer to obtain the desired deduction, and indicating that such a charity would be entitled to fees, even though it was not a named party. So we have appreciated the difficulty that this court, regardless of the, we have other courts that have decided this issue based on real party and interest, we appreciate that this court needs to get past any statutory hurdle when we would submit there is not one, because of the pure definition of party and no reference to named party. And then when you add to that the legislative history, which clearly indicates the intent of this statute is to be sure that parties that would otherwise contest unjustified government actions are not deferred, I'm sorry, that was clearly the case here. The charity is the sole residual beneficiary of this estate, incurred the fees, incurred the tax. Incurred what fees, just the fees of Mr. Erlano? No, Your Honor. It incurred those fees directly in the sense that it incurred them by paying them and retaining them. But as the sole residuary beneficiary of the estate, at the time this proceeding arose, back in 2006 when this tax issue first arose, at that point the executor could have distributed everything to the charity. It was the sole remaining beneficiary. The charity at that point, Mr. Erlano, was involved at that time. All right. Let's go back to the, both my colleagues talked to you about 7430, and it's C4D. You're saying applies only to the estate and not to the beneficiaries. Is that correct, the net worth limitation? Correct, with regard to the estate. That looks like that was a codification of the tax court's decision in the State of Hubbard. Isn't that right? Yes, and or Boatman's, yes. And so the petitioner there in Hubbard didn't use the words real party and interest. They made the same argument that you're making, I thought that you were making, that the beneficiary, not the estate, counts for purposes of the net worth requirements. I think you answered just a moment ago that no, it really doesn't count. So if it doesn't count, then aren't you out of luck? I think a strict reading of Hubbard might suggest that, but I would suggest, Your Honor, in that case that the taxpayer and the beneficiaries did not ever really raise the real party and interest. Because that case preceded the enactment of the legislative provision in 7430 dealing with estates, I think it was a much more general inquiry by the tax court in that case. But there's no doubt that that case could create the ultimate impression that our argument is wrong. But, A, that case did not really focus on the issue we have here. The taxpayer in that case didn't really argue that the beneficiary, a specific beneficiary. And, again, in this case, we are not urging the court to adopt some broad-based rule. All we're urging the court is say. But you're saying that the beneficiary counts for purposes of the net worth requirements. Is that right? We would say, Your Honor, that a beneficiary in a situation where it is the sole residuary beneficiary and the real party and interest, you do have to look at the net worth. In this particular case, because the charity is not subject to the net worth requirement, it qualifies. But we would say that only in a case, you never look past the estate, except in a case where the beneficiary is clearly the only party affected by the tax. Suppose the reverse situation was true. Suppose we had the reverse of what we have here. Suppose the estate qualified but the beneficiary didn't. What would we do then? Your Honor, that's an excellent question. And, you know, the government for years has said in that case, you can't look at the nominal plaintiff, the estate. We need to look at the beneficiary. And they've taken this position in numerous cases, saying we need to look at the real party and interest. And we would submit, if our beneficiary was the sole beneficiary of this tax and incurred the fees and was an individual with a net worth more than $2 million, there should be no recovery. Because that's the party that's deterred. Sort of, yeah, the government's making a heads-up, wind-tails-you-lose argument. But do you even have a right under Pennsylvania law to have a trust be a plaintiff? I mean, I'm looking at Pennsylvania statute, consolidated statutes. 3373 provides that only the executor of an estate can bring a survival action. 3706, the executor must pay the estate tax. Even under state law. No, Your Honor. Does the trust have any ability to bring this action? Your Honor, maybe under state law, but clearly under federal law. Only the estate. It was clear we wouldn't be here. That's an excellent point, Your Honor. No, I think that the way the technical tax provisions work, the estate tax is paid by the estate. And only the estate technically can claim the refund. But as in the case of Wall, in the claims court, where you had Wall Industries that was the named plaintiff and went for the refund, the court went out of its way, and I think correctly, to say Arthur Young, who is alleged to have committed malpractice in that case, and funded the tax litigation and was entitled to the refund and incurred all the fees, was the real party in interest. And even if the named party, Wall, might qualify because it technically under the tax rules had to file for the refund, you had to look at who was really involved here. Who would be deterred here from incurring fees to battle an unjustified government position? If you don't look to that purpose of the statute, which many courts have, it eviscerates the statute. How about this? 7430C4D, it says, net worth of an estate shall be determined as of the date of the decedent's death. As of the date of the decedent's death, the beneficiary really didn't have any rights at that point, did they? Well, Your Honor, I think under the will, it did. This estate was of such a magnitude. And the estate, I'm sorry. How would you characterize it? A bare expectancy? I mean, they were left out. They managed to reach a settlement. Oh, I see what you're saying, Your Honor. Yes, I mean, if you look technically at the four corners of the will and ignore the part of 30 years and the Scrivener heir, you're right. I'm aware of that. Pardon me, Your Honor? I'm aware of the Scrivener's. Right, right. No, no, you're right. If you looked at the four corners of the will, which we don't think is a law in Pennsylvania anyway, but if you looked at that, you'd say, well, where are they? Although, notice, the charity was in there as a remainder beneficiary and all the other trusts as well. Yeah. Yeah. But, no, you're absolutely right. So, I mean, at that point, they're looking. If you look at the value as of the date of decedent's death of the estate, we really could only look at the estate under that section, couldn't we? Well, again, we think that under 7430, there's two parties here. There's the estate and then. . . The date of decedent's death, you really. . . I mean, ultimately, some rights came your way by virtue of the settlement, but absent that settlement, you might not have gotten anything. Correct, Your Honor, although. . . In Pennsylvania, you know, we. . . I don't even know if we still have non-coupative wills anymore or oral wills, but basically it has to be in writing. Right. Signed by the estate. Right. Well, Your Honor, as of date of death, again, the history of this was so clear for a lot of reasons, not just the wills, the prior dispositive documents, wills and trusts, and the scrivener error, but this was a gentleman who had dedicated his life to this charitable trust for the last 20 years of his life. It was pretty clear that a court in Pennsylvania, faced with this will, would have said it should have gone to the Pombo Trust. I mean, you know, it was settled for a lot of reasons, but the charity got the bulk of the money, reflecting the merits of its position. The district court also cited Warren and Dumont, but in those cases, there was a residuary clause, unlike the situation here. I mean, there was some footing for the beneficiary to stand on at the time of death, wasn't there? Well, Your Honor, technically in Dumont, although the question is, if a clause is void under Pennsylvania laws, is it any different than being non-existent? In Dumont, as we know, Lafayette College was in the second will, but within the 30 days of death, so it was void. It's so analogous when you think of it. And Dumont, the great thing about Dumont, decided by this court in 1945, longstanding, is that it clearly said you don't need to look at Pennsylvania law. The government in this case, from 2006 to now, continues to say you need to look at Pennsylvania law when Warren said in a charitable case, regardless of whether it involved a residuary clause, but it involved how much the charity was going to get, said there is no need to look at state law. And that's been the government's whole position from the outset. It's why we have been so exasperated. It's why we are here today. Good. Thank you. Let me see if my colleagues have any other questions now. Good. We'll have you back on rebuttal, Mr. Prosperity. Thank you, Your Honor. Thank you very much. Mr. Hutter. Good morning. Good morning, Your Honors. Randolph Hutter for the United States. May it please the Court. If I may, I might point to, I wanted first to point to a couple of things pertaining to what Mr. Prosperity said. We cited the SEC versus ComServe case in our brief, and in that case there's an important footnote, footnote number five, which indicates that the definition of party for the purposes of the AJA is broader than is set forth in just 2412. It also encompasses what is set forth in the APA, meaning that party includes a person named or admitted as a party or properly seeking and entitled as of right to be admitted as a party. Party is not limited to the net worth requirements. A party means a party to the case for the purposes of 7430 and for the purposes of the AJA. Does it also mean a real party in interest? It does not mean a real party in interest. The statutory language, as you've pointed out in this argument up to now, we believe is very clear. The net worth is to be determined as of the estate. Not all courts have agreed with that. No court has gone this far. No court has said that a real party interest can open up the net worth limitations to a consideration of another entity that was not a party to the case. There is no such case on the record whatsoever. In the Young case, one that's sort of analogous in the tax court, the tax court said, well, we're going to consider other petitioners to be parties for the purposes of attorney's fees because they were petitioners in the tax court and they were non-test case petitioners, but the court had in front of them test cases. The rights of the non-test case petitioners were fully affected by these and were before the court in that case. And it didn't go into net worth analysis, and so it's not exactly completely analogous. And there is no case. What the estate is asking for in this case is entirely unprecedented. And we think that the clear language of the statute controls completely. We think that party means party. And also the award of fees to an ineligible multimillion dollar estate would be contrary to the purpose of 7430, as we've discussed in our brief. If we look at where the fees and costs are going to end up, like the court did in Unification Church. That would be a broad, broad expansion of the limited waiver of sovereign immunity in this case. In that case, I believe that the real party and interest analysis is a misnomer. I believe that the court really looked at who incurred the fees. And that may be the correct analysis. Well, some of the fees were incurred by the trust, were they not? Mr. Irlano's fees were. Yes, they were. They were paid by the trust in that case, in this case. But since the trust is not a party, and they have not, the estate has not argued, okay, we want to be a real party and interest just to the extent of those fees. They haven't raised that argument at all. They say we are entitled to all of the fees because the trust is the party to look at. In effect, the argument here is that we're putting form over substance. You say throughout your brief that the trust was, what matters is whether the trust was named in the four corners of the will. Well, it was named in at least three places in the will. It just happened that there, for some reason, this residual trust was left out. It was named in the will, absolutely. Yeah, I found three places. And the counsel said, look, I screwed up. I put it in the other wills. I just didn't put it in this will, and I messed up. So in that context, why can't we get through the form and deal with the substance? Because the trust could not have brought this lawsuit and could not have been a party to this suit. Under 7430 or, excuse me, under the refund section, under the code section providing for refund, the estate is the taxpayer. The estate is the only one who could possibly have been a party. I don't think the trust even could have intervened. The trust has no rights here. The estate is the only one. It looks that way under Pennsylvania law. That's correct. And there is a case that I did not cite in my brief, unfortunately, but it talks about the fact that an eligible party may not ride along with ineligible parties and collect fees. If you'll pardon me just a second, I will get that case because I have it here. It's 27.09 acres of some sort. Yes, United States versus 27.09 acres of land, Second Circuit, 1994, 43F3rd 769, where the court holds where one or more ineligible parties are willing and able to pursue the litigation against the United States, the parties eligible for each of these should not be able to take a free ride  The trust can't merely tag along and then say, okay, we're eligible for fees. I'm sorry. The party untitled to the refund is the one dictated under 7430. Let's go back to Judge Sirica's question then. Yes. Isn't this a good case to consider whether this circuit should adopt the type of analysis that was done in Unification Church by the D.C. Circuit? I don't believe the court needs to go that far. I don't believe the court needs to take the real party and interest doctrine as a whole and say this is what we are going to pronounce on this. All we're asking for is the court reject the application in this case where it seeks to make a non-eligible party, non-eligible entity that was not a party to the case, the focus of the net worth requirement. That's an expansion beyond anything that is in the literature, anything that a case has done. If the court decides to do more with the real party and interest doctrine, I will leave it to you, but I hope that you preserve the government's right, as has been demonstrated in several cases, to challenge a party's right to fees because someone else is, in fact, controlling the litigation. Now, in those cases, the person, the entity, the applicant for the fees has always been a party. Fine, we get beyond that threshold. We look to other circumstances. We look to equity. We look to control. We look to fiscal responsibility and those things. And the government needs those restrictions, that type of analysis, in order to prevent an abuse of the statute. If we get to the merits. Yes, sir. To determine whether your position was substantially justified, your argument is? Well, number one, of course, then the district court would have to face the qualified offer issue. But leaving that aside, our argument on that is, number one, we believe that we had a justifiable case based on the four corners of the document, four corners of the will, and that the trust would have had a very hard time had they actually gone into court and sought the residue estate in this case, which they did not. It seems like when you look at Dumont's estate, which was from our circuit, and you look at Rev. Ruling 8931, you're not in a real good position. Well, we thought that the decision in the Bach v. McGinnis case was more analogous to this case because in that case there was no will contest. And that is what the IRS believed in this case from day one. There was no real will contest. The trust didn't take this case to court, and the trust in the Drexel Institute, I believe, in the Bach case did not take the case to court. One of the beneficiaries decided that Drexel should get more money. In this case, the trust and the residue beneficiary, the son, decided without ever going to court, here's the way we'll divide things up. We believe that that was not a real will contest. But Bach wasn't appealed on it, was it? I'm sorry? Bach was not appealed. It stayed as a district court case. Is that correct? No, I believe that was a Third Circuit decision. Yes, that was a decision of this court. But you're saying that there has to have been a lawsuit filed? No, there doesn't have to have been. But that would have been better evidence that this was a true will contest. In this case, it looked to us as though there were no real will contests. We looked at the four corners of the document. Even the district court stated that. But the settlement certainly changed considerably what you started out with here. It did. But the district court itself stated, looking at the four corners of the 1990 will, the charitable trust had no legal standing as a residuary estate legatee. The district court said that itself. And the estate and the trust and the son essentially split the baby in half. Not exactly the trust got more. But it did seem that the son got an awful lot of money for this to be a real will contest. Why would the trust not have gone into court if it really believed it had a strong case? We don't think it had a strong case. And it looked to us more of a situation, and I think a reasonable situation based on other cases, including Bach, where the residuary beneficiary and the trust made an agreement, entered into an agreement, and it really looked more like the son had made the contribution to the trust rather than the estate. If we follow the Doctrine of Unification Church, if we read this broadly, what again is the harm that we would cause by doing that other than loss of revenue? Is that really what it boils down to? If we establish the precedent here, you indicated it would create chaos or use some term like that. What problems are we going to create if we did that? In other words, to actually find that the trust was the real party. Suppose we did. I'm not saying we're going to do that. I understand. What if we did that? What would be the harm? The harm would be it would be a great expansion of a limited waiver of sovereign immunity, and the concrete harm would be that it would apply to all pass-through entities, partnerships, escorts, charitable organizations, estates. You're opening the floodgates, as it were, to apply because it couldn't stop there. It certainly couldn't be limited to just this case. And then we would have creations. I don't know exactly how things would work out, but it would really eviscerate the protection that the United States now has against attorneys' fees awards in case where they should not be awarded. After all, the purpose of the statute is very important, and it is to deter actions where someone is not deterred by the amount of fees that would be involved. And in this case, that certainly applies. The estate had no that was not a deterrent at all. How much weight do we give to that, though? I mean, if in fact we think that the unification church rationale makes sense or we think that the real party and interest doctrine makes sense, that can be overturned by what is obviously one of the purposes of the Equal Access to Justice Act. Do you think that's sufficient for us to overturn those other doctrines or not to apply those other doctrines? The first thing I'd like to point out that, of course, in the unification church case, the unification church was a party to the case. Correct. So that's a big difference right there, and we don't think that that same reasoning could possibly apply to an entity that was not a party before the court. And beyond that, absolutely, I think that the purpose of the statute should prevent the court from expanding the waiver of sovereign immunity to allow entities, generic parties, if you will, to be awarded attorney's fees when they're not parties to the case. And, of course, look at the Nail v. Williams-Martinez case in the Fifth Circuit. I think you would go in direct conflict with that decision, of course, where it says that real party and interest doctrine simply does not apply. How is the trust here a generic party? No, I was using the term party generically. I didn't mean the trust was a generic party. I was just trying to say a party seeking fees, and that's confusing, and I'm not sure what else word to say when the trust clearly was not a party, an entity seeking fees, an entity to be looked at for the net worth requirements, et cetera. So the Nail v. Martinez case is a strong precedent against this, but I don't think the court needs to go as far as that court did. But it's a very important principle for the United States to protect in terms of a waiver of sovereign immunity, attorney's fees that simply shouldn't be awarded. They're to be awarded in the proper case, and this is not the proper case. Any other questions? Mr. Hunter, thank you very much. Thank you very much. Mr. Prosperi. Thank you. Your Honors, I'd like to quickly respond to four points. Before you do that, the Bach v. McGinnis case, Mr. Hunter is right. It is from our court. It's a 1964 decision of our court, and it appears to go directly against you. In other words, there was a settlement involving the Mrs. Bach apparently did some actions that muddied the waters and therefore resulted in a bunch of confusion, and they had to settle it, and this court said that you're not entitled to attorney's fees there. How do you distinguish that case? Your Honor, that's exactly where I was going to start. It is so distinguishable, and this is the reason. There was collusion in that case. Drexel University's counsel was involved in reorchestrating the rule in a situation where Drexel would have gotten nothing. And the basis of that decision and how it reconciles with Dumont is that's a collusion case. And notwithstanding what the government says today about the facts, the government, in this case, stipulated there was no collusion in this case. So you're saying, but in that case, as a matter of equity, they did something, and you're suggesting that this is the same, that equity should be taken into account or not taken into account or what? I'm saying in the case of collusion that affects the tax deduction, where they were trying to get a charitable deduction and make a contribution to someone who had no rights under any theory, under the will, that in those cases, courts have appropriately said, we are not going to allow a charitable deduction. And that case, again, is so far removed from the facts in this case and why the government was substantially unjustified. They stipulated there was no collusion in this case. They stipulated there was an arm's-length settlement. The district court found there weren't any facts to indicate to the contrary. So this idea that this was an orchestrated dispute between Palumbo Jr. and the charitable trust just had no basis in fact. I hear the government making, in effect, an argument looking at the literal words of 7430 C4D. And I also hear the argument making an argument that, okay, if you were to decide in your favor, the consequences would be dire, that it would open the public fist to all kinds of claims by virtue of the abrogation of sovereign immunity. I do not agree, Your Honor, for this reason. And this goes directly to the purpose of the statute and outweighs any concerns of the waiver of sovereign immunity. As many courts have said, that when you look at the purpose and you look to what a party has to show to recover fees, it's a party that got the benefit of the merits of the action and incurred the fees and meets the net worth test or is exempt from it. That's a very narrowly circumscribed group of people. And I also believe that the real party and interest test has been applied by the courts by making sure that the person at issue is a real party and interest. And lastly, there are courts that have applied this offensively. If you look at the Grayson decision in the Ninth Circuit, in Grayson the court specifically said that 42 members of an association who were not named parties were entitled to get fees using this real party and interest standard. So there is authority out there directly on point at the circuit level where other courts have reached that decision. The other thing I would just briefly like to touch on. Let me ask my colleagues if you have any additional questions. I do not, sir. Thank you, Your Honors. Good. Thank you very much. The case was very well argued by both sides. We will take the matter under advisement.